UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ANTHONY ALLAN THOMPSON and                     Case No. DT 08-02899
LAURA JEAN THOMPSON,                            Hon. Scott W. Dales

                Debtors.
_____/

## <u>OPINION AND ORDER REGARDING CONTEMPT MOTION</u>

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Prior to the filing of his voluntary chapter 7 bankruptcy petition, Anthony Allan Thompson (the "Debtor") was a party to an unexpired lease (the "Lease") of a 2004 Honda Civic (the "Motor Vehicle"). On June 15, 2008, shortly after filing his bankruptcy petition, the Debtor entered into an Assumption of Closed End Vehicle Lease Agreement (the "Assumption Agreement"), pursuant to which he assumed the obligations under the Lease. On March 20, 2009, the court entered the Debtor's chapter 7 discharge.

From the motion papers, it appears that the Debtor, despite the assumption, was unable to perform under the Lease and ultimately surrendered the Motor Vehicle to Lake Michigan Credit Union or its successor, Credit Union Financial Group, Inc. (the "Lessor"). On May 25, 2010, the Lessor obtained a state court judgment against the Debtor in the amount of $7,551.06, on account of his obligations under the Lease. In response, the Debtor filed the motion to hold the Lessor in contempt for violating the provisions of the discharge injunction (the "Motion," DN 43). The gist of the Debtor's Motion is that the Assumption Agreement, though made pursuant to 11 U.S.C. § 365(p), is not enforceable because it does not meet the reaffirmation requirements of 11

U.S.C. § 524(c).  According to the Debtor, the Lessor's post-discharge default judgment and enforcement violated the Debtor's rights under the discharge.

The Lessor, on the other hand, contends that by assuming the Lease under 11 U.S.C. § 365(p), the Debtor transformed his prepetition liability under the Lease into a post-petition obligation, outside the scope of 11 U.S.C. § 727(b).  Because § 727(b) does not affect post-petition debts, the Lessor's state court default judgment based upon breach of the assumed Lease does not offend the discharge injunction under 11 U.S.C. § 524.

Having carefully considered the parties' written and oral arguments, the court concludes that the Lessor has the stronger case as a matter of statutory analysis.

First, Congress clearly contemplated that lease assumption agreements might be made after entry of the discharge, otherwise there would be no need to authorize the parties to negotiate such agreements notwithstanding the discharge injunction under § 524(a)(2).  *See* 11 U.S.C. § 365(p)(2)(C).  As a result, some lease assumption agreements authorized under Section § 365(p) would not satisfy the provisions governing reaffirmation of prepetition debts, because to be valid, a reaffirmation agreement must be "made" before discharge.  11 U.S.C. § 524(c)(1). Under the Debtor's view of the statute, even though the "liability under the lease will be assumed by the debtor," that assumption of liability would be illusory unless the parties also comply with § 524 -- an impossible feat when the parties negotiate post-discharge.  The court does not believe that Congress would authorize parties to negotiate lease assumption agreements that would not, as a matter of law, be enforceable.

Second, as the Supreme Court has noted on several occasions, "[w]hen Congress amends the bankruptcy laws, it does not write 'on a clean slate.'"  *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992).  As applied here, this means that by using well-defined bankruptcy concepts such as

"cure" and "assumption" within 11 U.S.C. § 365(p), Congress directed the courts to treat an assumed lease, in effect, as a post-petition obligation, just as if a trustee had assumed it under 11 U.S.C. § 365(a). *See, e.g., In re Enderle*, 352 B.R. 444 (Bankr. E.D. Mich. 2006); *In re Hall*, 202 B.R. 929 (Bankr. W.D. Tenn. 1996). Indeed, because Congress used the words "cure," "assume" and "assumption" within § 365 to describe both a debtor's action under § 365(p) and a trustee's action under § 365(a), "the presumption that equivalent words have equivalent meaning when repeated in the same statute . . . has particular resonance here." *Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998) (citation omitted). Whether the debtor assumes a lease under § 365(p) or a trustee assumes it under § 365(a), the liability assumed effectively becomes a post-petition obligation.

Third, the court notes that when Congress recently amended § 362 in an effort to eliminate the so-called ride-through option for personal property, it specifically referred to reaffirmation agreements under § 524(c) and lease assumptions under § 365(p) as distinct alternatives. *See* 11 U.S.C. § 362(h)(1)(A). In so doing, Congress evidently concluded that the benefits bestowed by each procedure in the form of continued liability on the debtor's part justified the burdens imposed on the creditor which resulted from continuing the automatic stay and keeping the related property within the estate. This suggests that assumption and reaffirmation are independent procedures.

The court has considered the Debtor's arguments premised on cases such as *In re Eader*, 426 B.R. 164 (Bankr. D. Md. 2010), and finds them insufficiently persuasive as a matter of statutory construction, though certainly sensible as a matter of policy. As a general matter, however, the Debtor's argument, and the conclusion in *Eader*, deprives § 365(p) of any meaningful office, and therefore the court must avoid such a construction. The court must

construe § 365(p) "so that effect is given to all its provisions, [and] so that no part will be inoperative or superfluous, void or insignificant ...." *Corley v. United States*, __ U.S. __, __, 129 S.Ct. 1558, 1566 (2009). The Debtor's construction fails in this regard because it renders insignificant this crucial phrase within the statute: "the liability under the lease will be assumed by the debtor."

The court, therefore, accepts the Lessor's interpretation that the liability the Debtor assumed by entering into the Assumption Agreement should be regarded as a post-petition liability outside the scope of § 727. Consequently, a lessor need not comply with § 524(c) to make such agreements enforceable because the liability is not dischargeable after assumption. Accordingly, by enforcing its rights under the Lease and Assumption Agreement in the state court, the Lessor did not demonstrate contempt of this court or the Debtor's discharge, and the court will deny the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 43) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Anthony Thompson, Carroll Clough, Esq., Paul I. Bare, Esq., and Charles J. Hiemstra, Esq.

END OF ORDER

**IT IS SO ORDERED.**

_____
Scott W. Dales
United States Bankruptcy Judge

**Dated: September 29, 2010**